UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:16-cv-00256-F

| | |
|---|---|
| KEVIN A. HINES, PAIGE HINES, and PARKER HINES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF RALEIGH; RODNEY LYMAN WARNER, III, in his individual and official capacity; TAYLORE DALAS LEGGETT, in his individual and official capacity; ASHLEY STEWART, in her individual and official capacity; and STEVEN HELEWSKI, in his individual and official capacity. | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ANSWER TO AMENDED COMPLAINT**

NOW COMES Defendant Rodney Lyman Warner, III, in his individual capacity only, and responds to and answers Plaintiffs' Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiffs' Amended Complaint fails, in whole or in part, to state valid claims for relief against Defendant Warner pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief.

**SECOND DEFENSE**

Without waiving any defenses or immunities, Defendant Warner responds to the specifically numbered Paragraphs of Plaintiff's Amended Complaint as follows:

1

## INTRODUCTION

1. The allegations contained in Paragraph 1 are not directed at this answering defendant. As such, no response from Defendant Warner is required. To the extent a response is required, the allegations contained in Paragraph 1 are denied.

2. The allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 are denied.

## PARTIES, JURISDICTION, AND VENUE

4. Defendant Warner lacks sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Paragraph 4. Accordingly, the allegations contained in Paragraph 4 are denied based upon insufficient information and knowledge.

5. Defendant Warner lacks sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Paragraph 5. Accordingly, the allegations contained in Paragraph 5 are denied based upon insufficient information and knowledge.

6. Defendant Warner lacks sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Paragraph 6. Accordingly, the allegations contained in Paragraph 6 are denied based upon insufficient information and knowledge.

7. The allegations contained in Paragraph 7 are not directed at this answering defendant. As such, no response from Defendant Warner is required. To the extent a response is required, the allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are admitted.

9. The allegations contained in Paragraph 9 are not directed at this answering defendant. As such, no response from Defendant Warner is required. To the extent a response is required, the allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are not directed at this answering defendant. As such, no response from Defendant Warner is required. To the extent a response is required, the allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are not directed at this answering defendant. As such, no response from Defendant Warner is required. To the extent a response is required, the allegations contained in Paragraph 11 are denied.

12. The allegations contained in Paragraph 12 are denied.

13. It is admitted that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. Except as specifically admitted, the allegations contained in Paragraph 13 are denied.

14. It is admitted that the state law claims that Plaintiffs' purport to allege are properly joined in this action under the Court's supplemental jurisdiction pursuant to 18 U.S.C. § 1367. Except as specifically admitted, the allegations contained in Paragraph 14 are denied.

15. It is admitted that venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b). Except as specifically admitted, the allegations contained in Paragraph 15 are denied.

16. The allegations contained in Paragraph 16 are not directed at this answering defendant. As such, no response from Defendant Warner is required. To the extent a response is required, the allegations contained in Paragraph 16 are denied.

## FACTS

17. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 17. Accordingly, the allegations contained in Paragraph 17 are denied based on insufficient information and knowledge.

18. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 18. Accordingly, the allegations contained in Paragraph 18 are denied based on insufficient information and knowledge.

19. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 19. Accordingly, the allegations contained in Paragraph 19 are denied based on insufficient information and knowledge.

20. Defendant Warner lacks sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Paragraph 20. Accordingly, the allegations contained in Paragraph 20 are denied based on insufficient information and knowledge.

21. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 21. Accordingly, the allegations contained in Paragraph 21 are denied based on insufficient information and knowledge.

22. It is admitted that Defendant Warner was present at the campus of Enloe High School on May 16, 2013, to assist the school resource officer with crowd control. Except as specifically admitted, the allegations contained in Paragraph 22 are denied.

23. It is admitted that balloons filled with unknown substances were being thrown at Enloe High School on May 16, 2013. Except as specifically admitted, the allegations contained in Paragraph 23 are denied due to lack of information and knowledge.

4

1928894 v1

Case 5:16-cv-00256-FL   Document 36   Filed 08/25/16   Page 4 of 20

24. It is admitted that an African-American male subject ran away from a group of students after a balloon was tossed from that group at Enloe High School on May 13, 2016. Except as specifically admitted, the allegations contained in Paragraph 24 are denied.

25. It is admitted that Defendant Warner instructed the male subject to stop and then took hold of the male subject's left arm. Except as specifically admitted, the allegations contained in Paragraph 25 are denied.

26. It is admitted that Defendant Warner placed the male subject in an arm bar and placed the male on the ground. Except as specifically admitted, the allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 are denied.

29. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 29. Accordingly, the allegations contained in Paragraph 29 are denied based on insufficient information and knowledge.

30. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 30. Accordingly, the allegations contained in Paragraph 30 are denied based on insufficient information and knowledge.

31. It is admitted that Defendant Warner met Plaintiff Kevin Hines in the lobby of Enloe High School. Except as specifically admitted, the allegations contained in Paragraph 31 are denied.

32. It is admitted that Plaintiff Kevin Hines told Defendant Warner that he wanted to speak with the principal. Except as specifically admitted, the allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are denied.

34. It is admitted that Defendant Warner told Plaintiff Kevin Hines to exit the building. Except as specifically admitted, the allegations contained in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 are denied.

37. It is admitted that Defendant Warner requested that another officer meet him at the entrance of the school. Except as specifically admitted, the allegations contained in Paragraph 37 are denied.

38. It is admitted that Defendant Warner informed Plaintiff Kevin Hines that a supervisor was on the way. Except as specifically admitted, the allegations contained in Paragraph 38 are denied.

39. It is admitted that Officer Stewart and Officer Helewski were uniformed police officers that assisted Defendant Warner in arresting Plaintiff Kevin Hines. Except as specifically admitted, the allegations contained in Paragraph 39 are denied.

40. It is admitted that Defendant Warner was the highest ranked officer at Enloe's campus at the time of Plaintiff Kevin Hines' arrest. It is further admitted that Defendant Warner requested that another officer meet him at the entrance of the school. Except as specifically admitted, the allegations contained in Paragraph 40 are denied.

41. It is admitted that Defendant Warner exited the building along with Plaintiff Kevin Hines. It is further admitted that Plaintiff Kevin Hines was handcuffed and arrested for trespassing. Except as specifically admitted, the allegations contained in Paragraph 41 are denied.

42. It is admitted that Plaintiff Kevin Hines was resisting arrest, and Defendant Warner instructed the other officers to get a Taser in case Plaintiff Kevin Hines continued to resist arrest. Except as specifically admitted, the allegations contained in Paragraph 42 are denied.

43. It is admitted that no officer used a Taser on Plaintiff Kevin Hines during his arrest. Except as specifically admitted, the allegations contained in Paragraph 43 are denied.

44. It is admitted that Plaintiff Kevin Hines was placed in a Raleigh police vehicle. Except as specifically admitted, the allegations contained in Paragraph 44 are denied.

45. It is admitted that Plaintiff Kevin Hines was allowed to transfer possession of items in his pockets to his daughters. It is further admitted that Plaintiff Kevin Hines was placed in Officer Leggett's patrol vehicle. Except as specifically admitted, the allegations contained in Paragraph 46 are denied.

46. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 46. Accordingly, the allegations contained in Paragraph 45 are denied based on insufficient information and knowledge.

47. It is admitted that the Magistrate's Order speaks for itself and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 47 are denied.

48. It is admitted that the Magistrate's Order speaks for itself and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 48 are denied.

49. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 49. Accordingly, the allegations contained in Paragraph 49 are denied based on insufficient information and knowledge.

50. It is admitted that the attached Exhibit B speaks for itself and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 50 are denied.

51. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 51. Accordingly, the allegations contained in Paragraph 51 are denied based on insufficient information and knowledge.

52. It is admitted that there was news coverage related to balloons filled with unknown substances being tossed at Enloe High School on May 16, 2013. Except as specifically admitted, the allegations contained in Paragraph 52 are denied.

53. Defendant Warner lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 53. Accordingly, the allegations contained in Paragraph 53 are denied based on insufficient information and knowledge.

54. The allegations contained in Paragraph 54 are denied.

55. The allegations contained in Paragraph 55 are denied.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Fourth Amendment – 42 U.S.C. § 1983)**
**[Mr. Hines Against the Individual Officers]**

56. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

57. It is admitted that Defendant Warner was uniformed, was acting within the scope of his employment with the Raleigh Police Department, and was acting under color of state law

at all times relevant to the allegations in Plaintiff's Amended Complaint. The remaining allegations in Paragraph 57 are not directed at this answering defendant. As such, no response is required from Defendant Warner as to the remaining allegations. To the extent a response is required, the allegations contained in Paragraph 57 which are not specifically admitted are denied.

58. It is admitted that Plaintiff Kevin Hines was arrested on May 16, 2013, for trespassing without a warrant. Except as specifically admitted, the allegations contained in Paragraph 58 are denied.

59. The allegations contained in Paragraph 59 are denied.

60. The allegations contained in Paragraph 60 are denied.

61. The allegations contained in Paragraph 61 are denied.

### SECOND CLAIM FOR RELIEF
### (False Imprisonment – State Law)
### [Mr. Hines Against All Defendants]

62. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

63. It is admitted that Plaintiff Kevin Hines was arrested on May 16, 2013, for trespassing without a warrant. Except as specifically admitted, the allegations contained in Paragraph 63 are denied.

64. The allegations contained in Paragraph 64 are denied.

65. The allegations contained in Paragraph 65 are denied.

66. It is admitted that Defendant Warner was employed by the City of Raleigh at all relevant times and was acting within the scope of his employment. Except as specifically admitted, the allegations contained in Paragraph 66 are denied.

9

67. The allegations contained in Paragraph 67 are denied.

68. The allegations contained in Paragraph 68 are denied.

## THIRD CLAIM FOR RELIEF
### (Assault – State Law)
### [Mr. Hines Against Sgt. Warner and City]

69. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

70. It is admitted that Plaintiff Kevin Hines was arrested on May 16, 2013, for trespassing without a warrant. Except as specifically admitted, the allegations contained in Paragraph 70 are denied.

71. The allegations contained in Paragraph 71 are denied.

72. The allegations contained in Paragraph 72 are denied.

73. The allegations contained in Paragraph 73 are denied.

74. The allegations contained in Paragraph 74 are denied.

75. It is admitted that Defendant Warner was employed by the City of Raleigh at all relevant times and was acting within the scope of his employment. The remaining allegations in Paragraph 75 are not directed at this answering defendant. As such, no response is required from Defendant Warner as to the remaining allegations. To the extent a response is required, the allegations contained in Paragraph 75 which are not specifically admitted are denied.

76. The allegations contained in Paragraph 76 are denied.

77. The allegations contained in Paragraph 77 are denied.

## FOURTH CLAIM FOR RELIEF
### (Battery – State Law)
### [Mr. Hines Against all Defendants]

78. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

79. It is admitted that Plaintiff Kevin Hines was arrested on May 16, 2013, for trespassing without a warrant. Except as specifically admitted, the allegations contained in Paragraph 79 are denied.

80. The allegations contained in Paragraph 80 are denied.

81. The allegations contained in Paragraph 81 are denied.

82. The allegations contained in Paragraph 82 are denied.

83. The allegations contained in Paragraph 83 are denied.

84. It is admitted that Defendant Warner was employed by the City of Raleigh at all relevant times and was acting within the scope of his employment. The remaining allegations in Paragraph 84 are not directed at this answering defendant. As such, no response is required from Defendant Warner as to the remaining allegations. To the extent a response is required, the allegations contained in Paragraph 84, which are not specifically admitted, are denied.

85. The allegations contained in Paragraph 85 are denied.

86. The allegations contained in Paragraph 86 are denied.

### FIFTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress – State Law)
### [All Plaintiffs Against All Defendants]

87. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

88. The allegations contained in Paragraph 88 are denied.

89. The allegations contained in Paragraph 89 are denied.

90. The allegations contained in Paragraph 90 are denied.

91. The allegations contained in Paragraph 91 are denied.

92. The allegations contained in Paragraph 92 are denied.

93. It is admitted that Defendant Warner was employed by the City of Raleigh at all relevant times and was acting within the scope of his employment. The remaining allegations in Paragraph 93 are not directed at this answering defendant. As such, no response is required from Defendant Warner as to the remaining allegations. To the extent a response is required, the allegations contained in Paragraph 93, which are not specifically admitted, are denied.

94. The allegations contained in Paragraph 94 are denied.

95. The allegations contained in Paragraph 95 are denied.

### SIXTH CLAIM OF RELIEF
**(In the Alternative, Negligent Infliction of Emotional Distress – State Law)**
**[All Plaintiffs Against All Defendants]**

96. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

97. The allegations contained in Paragraph 97 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 97 are denied.

98. The allegations contained in Paragraph 98 are denied.

99. The allegations contained in Paragraph 99 are denied.

100. The allegations contained in Paragraph 100 are denied.

101. The allegations contained in Paragraph 101 are denied.

102. The allegations contained in Paragraph 102 are denied.

103. The allegations contained in Paragraph 103 are denied.

104. The allegations contained in Paragraph 104 are denied.

## THIRD DEFENSE

Defendant Warner pleads sovereign and governmental immunity as a defense to all applicable claims asserted herein and to the extent not waived by the purchase of insurance and/or participation in a risk pool.

## FOURTH DEFENSE

Defendant Warner pleads qualified immunity as a defense to all applicable claims herein. At all relevant times, Defendant Warner acted in good faith, without malice, with the reasonable belief that his actions were lawful and in accordance with the Plaintiffs' constitutional rights and did not violate any clearly established right of any Plaintiff. To the extent any of Plaintiffs' constitutional rights were violated, which is denied, those rights were not clearly established at the time. Thus, pursuant to qualified immunity, all applicable claims are barred.

## FIFTH DEFENSE

Defendant Warner pleads public official/public officer immunity as a complete defense to all applicable claims and allegations contained in Plaintiffs' Amended Complaint. At all times relevant to the allegations in Plaintiffs' Amended Complaint, Defendant Warner was a public official performing acts involving the exercise of judgment and discretion in the course and scope of his employment, without malice or corruption and, therefore, he is entitled to the defense of public officer immunity.

13

1928894 v1
Case 5:16-cv-00256-FL   Document 36   Filed 08/25/16   Page 13 of 20

## SIXTH DEFENSE

Defendant Warner pleads all other applicable immunities to which he is entitled by operation of law in bar of Plaintiffs' rights to recover herein, including but not limited to all qualified, conditional, statutory, and absolute immunities and privileges.

## SEVENTH DEFENSE

Defendant Warner alleges that reasonable suspicion and probable cause existed for his actions and conduct at all relevant times. Plaintiff Kevin Hines engaged in suspicious and disruptive conduct; acted in such a manner so as to cause a disturbance and impede Defendant Warner's lawful arrest of another while Defendant Warner was attempting to perform the duties of his job in good faith; failed to comply with Defendant Warner's lawful orders, and otherwise engaged in hostile, aggressive, and disruptive conduct.

## EIGHTH DEFENSE

Defendant Warner alleges that Plaintiff Kevin Hines' actions on the day in question caused Plaintiffs' alleged but denied injuries and Plaintiffs' alleged but denied damages, in that Plaintiff Kevin Hines acted in such a manner so as to constitute a disturbance and in such a manner as to impede Defendant Warner from properly carrying out his lawful duties as a police officer; failed to comply with Defendant Warner's lawful orders, and otherwise engaged in hostile, aggressive, and disruptive conduct. These acts by Plaintiff Kevin Hines were a direct and proximate cause of any damages allegedly sustained by Plaintiffs and are specifically pled in bar of Plaintiffs' right to recover any damages in this action.

## NINTH DEFENSE

Defendant Warner's actions concerning Plaintiffs were valid, lawful, reasonable, and supported by probable cause, just cause, and reasonable suspicion. Defendant Warner did not

14

1928894 v1

Case 5:16-cv-00256-FL   Document 36   Filed 08/25/16   Page 14 of 20

deprive Plaintiffs of any rights protected under the United States Constitution or federal statutory or common law.

## TENTH DEFENSE

At all relevant times, Defendant Warner acted in compliance with and pursuant to N.C. Gen. Stat. § 15A-401, which is pled as a defense to all applicable claims asserted in the Complaint.

## ELEVENTH DEFENSE

At all relevant times, Defendant Warner acted in compliance with and pursuant to N.C. Gen. Stat. § 15A-231, which is pled as a defense to all applicable claims asserted in the Complaint.

## TWELFTH DEFENSE

At all relevant times, Defendant Warner acted in compliance with and pursuant to N.C. Gen. Stat. § 14-132, which is pled as a defense to all applicable claims asserted in the Complaint.

## THIRTEENTH DEFENSE

Legal justification is pled as an affirmative defense in bar of Plaintiffs' right to recover in this action.

## FOURTEENTH DEFENSE

Defendant Warner complied in good faith with all applicable laws and regulations and, having so complied, acted without improper motive and any injuries accruing to Plaintiffs, the existence of which is specifically denied, are not actionable.

### FIFTEENTH DEFENSE

Defendant Warner did not owe any specific individual duties to Plaintiffs on the date in question and breached no duties. Defendant Warner further pleads the public duty doctrine as a bar to Plaintiff's claims.

### SIXTEENTH DEFENSE

As to Plaintiff's claims for punitive damages, Defendant Warner pleads absolute sovereign and governmental immunity and violation of public policy as a bar to all applicable claims asserted in the Complaint.

### SEVENTEENTH DEFENSE

As an additional and affirmative defense to Plaintiffs' claims for punitive damages, Defendant Warner raises all defenses, rights, remedies, immunities, and limits set out in N.C. Gen. Stat. § 1D, *et seq.*, by means of a bar or limitation as to the Plaintiffs' right to recover punitive damages in this action.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### NINETEENTH DEFENSE

Defendant Warner pleads all applicable statutes of limitation in bar of any or all of Plaintiffs' claims.

### TWENTIETH DEFENSE

Plaintiff Kevin Hines' actions were contrary to public policy and act as a bar to all applicable claims asserted in the Complaint.

16

## TWENTY-FIRST DEFENSE

As an additional defense to the Plaintiffs' claims for punitive damages, Defendant Warner asserts and pleads that even if Defendant Warner was grossly in violation of public policy and acted in disregard to Plaintiffs' rights, which is specifically denied, the imposition of punitive damages without meaningful standards defining the conduct justifying the imposition of such damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Also, the imposition of punitive damages under current federal procedures would violate both of these constitutional provisions because current procedures regarding the imposition of punitive damages do not include safeguards constitutionally required to accompany the exaction of a penalty.

## TWENTY-SECOND DEFENSE

To the extent Defendant Warner was negligent, which is denied, Defendant Warner pleads the contributory negligence and gross negligence of Plaintiff Kevin Hines as the actual and proximate cause of Plaintiffs' alleged injuries and as a bar to all applicable claims herein. Specifically, Plaintiff Kevin Hines was negligent and grossly negligent in that he engaged in disruptive conduct; acted in such a manner so as to violate school policies; failed to comply with Defendant Warner's lawful orders, and otherwise engaged in hostile, aggressive, and disruptive conduct.

## ADDITIONAL DEFENSES

DEFENDANT WARNER RESERVES THE RIGHT TO AMEND HIS ANSWER AND TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE CLAIMS OF PLAINTIFFS ARE MORE FULLY DISCLOSED DURING THE COURSE OF THIS LITIGATION.

17

1928894 v1

Case 5:16-cv-00256-FL   Document 36   Filed 08/25/16   Page 17 of 20

WHEREFORE, having fully answered each and every allegation contained in Plaintiffs' Amended Complaint, Defendant Warner prays to the Court as follows:

1. For a trial by jury on all issues of fact so triable herein;

2. Grant judgment in favor of Defendant Warner against all Plaintiffs on all claims;

3. That Plaintiffs have and recover nothing from Defendant Warner by way of this action;

4. For the costs of this action, including reasonable attorneys' fees; and

5. For such other and further relief as the Court may deem just and proper.

This the 25th day of August, 2016.

/s/ Dan M. Hartzog
DAN M. HARTZOG
N.C. State Bar No. 5648
E-mail: dmh@cshlaw.com
DAN M. HARTZOG JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@cshlaw.com
KATELYN W. McCOMBS
N.C. State Bar No. 49392
E-mail: kmccombs@cshlaw.com
CRANFILL SUMNER & HARTZOG LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
*Attorneys for Defendant Rodney Lyman Warner, III, in his individual capacity only*

18

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:16-cv-00256-F

| | |
|---|---|
| KEVIN A. HINES, PAIGE HINES, and PARKER HINES,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RALEIGH; RODNEY LYMAN WARNER, III, in his individual and official capacity; TAYLORE DALAS LEGGETT, in his individual and official capacity; ASHLEY STEWART, in her individual and official capacity; and STEVEN HELEWSKI, in his individual and official capacity.<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that on August 25, 2016, I electronically filed the foregoing **Answer to Amended Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Kimberly M. Marston at kmarston@brookspierce.com, Kearns Davis at kdavis@brookspierce.com, Hunt K. Choi at hunt.choi@ci.raleigh.nc.us and Cathleen M. Plaut at cplaut@hedrickgardner.com. The following parties have been served by depositing a copy, postage prepaid, in the United States Mail, addressed to each party as follows:

Ashley Stewart
6120 Crayford Drive
Raleigh, NC 27604

Steven Helewski
6716 Six Forks Road
Raleigh, NC 27615

/s/ Dan M. Hartzog
DAN M. HARTZOG
N.C. State Bar No. 5648
CRANFILL SUMNER & HARTZOG LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: 919/828-5100
Fax: 919/828-2277
E-mail: dmh@cshlaw.com
*Attorneys for Defendant Rodney Lyman Warner, III*