IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:16-cv-256-F

| | |
|---|---|
| KEVIN A. HINES, PAIGE HINES, and PARKER HINES, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CITY OF RALEIGH; RODNEY LYMAN WARNER, III, in his individual and official capacity; TAYLORE DALAS LEGGETT, in his individual and official capacity; ASHLEY STEWART, in her individual and official capacity; STEVEN HELEWSKI, in his individual and official capacity, | ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |

**ANSWER OF ASHLEY STEWART**

Now comes Defendant, Ashley Stewart ("Stewart"), in her individual capacity only, responding and answering the Plaintiffs' Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiffs' Amended Complaint fails, in whole or in part, to state a valid claim for relief against Defendant Stewart, and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Without waiving any defenses or immunities, Defendant Stewart responds to the specifically numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1. Denied as to this Defendant. Except as denied, this Defendant is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint.

2. Denied.

3. Denied as to this Defendant. Except as denied, this Defendant is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

4. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5.

6. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 are not directed towards this Defendant, therefore, no response is required.

8. The allegations contained in paragraph 8 are not directed towards this Defendant, therefore, no response is required.

9. The allegations contained in paragraph 9 are not directed towards this Defendant, therefore, no response is required.

10. This Defendant admits that at all times relevant, she was a resident of Wake County, North Carolina, and further, was employed as a police officer by the City of Raleigh. This Defendant further admits that at all times relevant, she was acting in her official capacity as a police officer. Except as admitted, denied.

11. The allegations contained in paragraph 11 are not directed towards this Defendant, therefore, no response is required.

12. The allegations contained in paragraph 12 pertain to legal conclusions to which no response is required.

13. The allegations contained in paragraph 13 pertain to legal conclusions to which no response is required.

14. The allegations contained in paragraph 14 pertain to legal conclusions to which no response is required.

15. The allegations contained in paragraph 15 pertain to legal conclusions to which no response is required.

16. The allegations contained in paragraph 16 do not pertain to this Defendant, therefore, no response is required.

17. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17.

18. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20.

21. This Defendant admits that she had been informed that May 16, 2013 was going to be "Senior Prank Day" and there was rumored to be a balloon fight filled with different liquids. Except as admitted, this Defendant is without knowledge and information sufficient to

form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint.

22. This Defendant admits that certain officers of the Raleigh Police Department were present at the campus of Enloe High School on May 16, 2013 to assist the school resource officer with crowd control. Except as admitted, this Defendant is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

23. This Defendant admits that at some time on May 16, 2013, there was a commotion at the Enloe High School and balloons filled with unknown substances were being thrown. Except as admitted, this Defendant is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint.

24. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24.

25. This Defendant admits that at some time on the date of May 16, 2013, at Enloe High School, she saw Sgt. Warner talking with an African American teenager. Except as admitted, denied.

26. Denied.

27. Denied.

28. Denied.

29. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29.

30. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30.

31. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31.

32. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32.

33. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33.

34. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34.

35. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35.

36. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36.

37. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37.

38. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38.

39. This Defendant admits that on May 16, 2013, at the Enloe High School, Mr. Hines was detained by this Defendant and Officer Helewski. Except as admitted, denied.

40. This Defendant admits that based on rank, she and Officer Helewski were subordinates of Sgt. Warner. This Defendant further admits that she heard on her radio a request for assistance by Sgt. Warner. Except as admitted, denied.

41. This Defendant admits that outside of the Enloe High School, Mr. Hines was detained and due to his refusal to obey commands as well as resisting the handcuffs he was pressed against the wall, then handcuffed and placed under arrest for second degree trespass. This Defendant further admits that Exhibit A is a photograph, which is a document which speaks for itself. Except as admitted, denied.

42. This Defendant admits that due to Mr. Hines' conduct, Sgt. Warner requested the present officers to use a taser. Except as admitted, denied.

43. This Defendant admits that Mr. Hines asked Sgt. Warner why he told the officers they could use a taser. Except as admitted, denied

44. This Defendant admits that she and Office Helewski took Mr. Hines and placed him into a Raleigh police car. This Defendant further admits that Mr. Hines was then removed and placed into a police car operated by Officer Leggett. Except as admitted, denied.

45. This Defendant admits that Mr. Hines was removed from the first police car and then put into the second car driven by Officer Leggett. Except as admitted, denied.

46. This Defendant admits that Mr. Hines was taken by Officer Leggett to be processed. Except as admitted, this Defendant is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

47. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47.

48. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48.

49. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49.

50. This Defendant states that the document attached as Exhibit B is in writing and speaks for itself. Except as stated, this Defendant is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint.

51. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51.

52. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52.

53. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53.

54. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54.

55. Denied as to this Defendant. Except as denied, this Defendant is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of Plaintiffs' Amended Complaint.

56. This Defendant incorporates by reference her response to paragraphs 1-55 of the Plaintiffs' Amended Complaint.

57. This Defendant admits that at all times relevant, she was uniformed, acting within the course and scope of her employment with the Raleigh police force and acting under color of state law. Except as admitted, denied.

58. This Defendant admits that Plaintiff Kevin Hines was arrested on May 16, 2013 for trespassing without a warrant. Except as admitted, denied.

59. Denied.

60. Denied.

61. Denied.

62. This Defendant incorporates by reference her response to paragraphs 1-61 of Plaintiffs' Amended Complaint.

63. This Defendant admits that Plaintiff Kevin Hines on May 16, 2013 was arrested for second degree trespassing without a warrant. Except as admitted, denied.

64. Denied.

65. Denied.

66. This Defendant admits that at all times relevant, she was employed by the City of Raleigh and acting within the course and scope of her employment. Except as admitted, the remaining allegations contained in paragraph 66 pertain to legal conclusions to which no response is required.

67. Denied.

68. Denied.

69. This Defendant incorporates by reference her response to paragraphs 1-68 of the Plaintiffs' Amended Complaint.

70. This Defendant admits that Plaintiff Kevin Hines was arrested on May 16, 2013 for trespassing without a warrant. Except as admitted, denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. This Defendant admits that at all times relevant, she was employed by the City of Raleigh and acting within the course and scope of her employment. Except as admitted, the remaining allegations contained in paragraph 75 pertain to legal conclusions to which no response is required.

76. Denied.

77. Denied.

78. This Defendant incorporates by reference her response to paragraphs 1-77 of the Plaintiffs' Amended Complaint.

79. This Defendant admits that Plaintiff Kevin Hines was arrested on May 16, 2013 for second degree trespass without a warrant. Except as admitted, denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. This Defendant admits that at all times relevant, she was employed by the City of Raleigh and acting within the course and scope of her employment. Except as admitted, the remaining allegations contained in paragraph 84 pertain to legal conclusions to which no response is required.

85. Denied.

86. Denied.

87. This Defendant incorporates by reference her response to paragraphs 1-86 of the Plaintiffs' Amended Complaint.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. This Defendant admits that all times relevant, she was employed by the City of Raleigh and acting within the course and scope of her employment. Except as admitted, the remaining allegations contained in paragraph 93 pertain to legal conclusions to which no response is required.

94. Denied.

95. Denied.

96. This Defendant incorporates by reference her response to paragraphs 1-95 of the Plaintiffs' Amended Complaint.

97. The allegations contained in paragraph 97 pertain to legal conclusions to which no response is required.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

**THIRD DEFENSE**

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant pleads sovereign and governmental immunity in defense to all claims asserted herein and to the extent not waived by the purchase of insurance and/or participation in a risk pool by the City of Raleigh.

**FOURTH DEFENSE**

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant pleads all applicable statutes of limitation in bar to Plaintiffs' claims.

**FIFTH DEFENSE**

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant pleads qualified immunity as a defense to all applicable claims herein in that at all relevant times, this Defendant acted in good faith, without malice, and with the reasonable belief that her actions were lawful and in accordance with all constitutional rights, and, therefore, did not violate any clearly established right of any Plaintiff.

**SIXTH DEFENSE**

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant pleads public official/public officer immunity as a complete defense to all applicable claims and allegations contained in Plaintiffs' Amended Complaint.

**SEVENTH DEFENSE**

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant pleads all other applicable immunities to which she is entitled to by operation of law in bar to Plaintiffs' claims.

### EIGHT DEFENSE

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant states that at all times relevant, she acted under a reasonable suspicion and probable cause to assist with the detention of Plaintiff, Kevin Hines, and, therefore, this Defendant pleads probable cause in bar to Plaintiffs' claims.

### NINTH DEFENSE

As a further answer and defense to the Plaintiffs' Amended Complaint and alleged in the alternative, if Plaintiff is asserting a claim of negligence against this Defendant, which such negligence is again denied, then this Defendant alleges that Plaintiff Kevin Hines was also negligent in that he acted in a manner such as to constitute a disturbance, failed to cooperate and follow the instructions of the police officers and was otherwise engaged in aggressive and disruptive behavior, and, therefore, this Defendant pleads contributory negligence of Plaintiff Kevin Hines in bar to his claims.

### TENTH DEFENSE

As a further answer and defense of the Plaintiffs' Amended Complaint, this Defendant states that at all times relevant, her actions concerning Plaintiff were valid, lawful, reasonable and supported by probable cause, and, therefore, this Defendant did not deprive Plaintiffs of any of their rights protected under the United States Constitution or federal statutory or common law.

### ELEVENTH DEFENSE

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant acted in compliance pursuant to N.C. Gen. Stat. §15A-401, which is plead as a defense to all claims.

## TWELVTH DEFENSE

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant acted in compliance with and pursuant to N.C. Gen. Stat. §15A-231, which is plead as a defense to all claims.

## THIRTEENTH DEFENSE

As a further answer and defense of the Plaintiffs' Amended Complaint, this Defendant acted in compliance with and pursuant to N.C. Gen. Stat. §14-132, which is plead as a defense to all claims.

## FOURTEENTH DEFENSE

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant pleads legal justification as an affirmative defense in bar to Plaintiffs' claims.

## FIFTEENTH DEFENSE

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant states that she complied in good faith with all applicable laws and regulations and having so complied, acted without improper motive, which is plead in bar to Plaintiffs' claims.

## SIXTEENTH DEFENSE

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant pleads the public duty doctrine in bar to Plaintiffs' claims.

## SEVENTEENTH DEFENSE

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant raises all defenses, rights, remedies, immunities and limits set forth in N.C. Gen. Stat §1D by means of a bar or limitation as to Plaintiffs' punitive damages claim.

## EIGHTEENTH DEFENSE

As a further answer and defense to the Plaintiffs' Amended Complaint, this Defendant asserts that Plaintiffs' claims are barred by the doctrine of unclean hands.

WHEREFORE, having fully answered each and every allegation contained in Plaintiffs' Amended Complaint, Defendant Stewart prays to the Court as follows:

1. That Plaintiffs have and recover nothing from Defendant Stewart and that Plaintiffs' Amended Complaint be dismissed;

2. For a trial by jury on all claims of fact so triable therein;

3. That the costs of this action be taxed against Plaintiffs;

4. That Plaintiffs have and recover nothing from Defendant Stewart with respect to the claim for punitive damages, and that Plaintiffs' claims for punitive damages against Defendant Stewart be dismissed; and

5. For such other and further relief as the Court may deem just and proper.

This the 29th day of August, 2016.

/s/ Rodney E. Pettey
RODNEY E. PETTEY
N.C. State Bar No.: 17715
JUSTIN M. OSBORN
N.C. State Bar No.: 41493
YATES, McLAMB, & WEYHER, L.L.P.
*Attorney for Defendant Ashley Stewart*
Post Office Box 2889
Raleigh, NC 27602
Telephone: (919) 835-0900
Facsimile: (919) 835-0910
Email: rpettey@ymwlaw.com
Email: josborn@ymwlaw.com

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Kearns Davis<br>Kimberly M. Marston<br>Brooks, Pierce, McLendon, Humphrey & Leonard, LLP<br>P.O. Box 26000<br>Greensboro, NC 27420<br>Attorneys for Plaintiffs<br>kdavis@brookspierce.com<br>kmarston@brookspierce.com | Hunt K. Choi, Deputy City Attorney<br>Raleigh City Attorney's Office<br>P. O. Box 590<br>Raleigh, NC 27602<br>Attorney for Defendant City of Raleigh<br>Hunt.choi@ci.raleigh.nc.us |
| Dan M. Hartzog<br>Dan McCord Hartzog, Jr.<br>Katelyn W. McCombs<br>Cranfill Sumner & Hartzog LLP<br>P.O. Box 27808<br>Raleigh, NC 27611-7808<br>Attorneys for Defendant Rodney Lyman Warner, III<br>dmh@cshlaw.com<br>dhartzogjr@cshlaw.com<br>kmccombs@cshlaw.com | Cathleen M. Plaut<br>Hedrick Gardner Kincheloe & Garofalo, LLP<br>4131 ParklakeAvenue, Suite 300<br>Raleigh, NC 27612<br>Attorney for Taylore Dalas Leggett<br>cplaut@hedrickgardner.com |

This the 29th day of August, 2016.

/s/ Rodney E. Pettey
RODNEY E. PETTEY
N.C. State Bar No.: 17715
JUSTIN M. OSBORN
N.C. State Bar No.: 41493
YATES, McLAMB, & WEYHER, L.L.P.
*Attorney for Defendant Ashley Stewart*
Post Office Box 2889
Raleigh, NC 27602
Telephone: (919) 835-0900
Facsimile: (919) 835-0910
Email: rpettey@ymwlaw.com
Email: josborn@ymwlaw.com