IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-cv-00256-F

| | |
|---|---|
| KEVIN A. HINES, PAIGE HINES, and PARKER HINES,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF RALEIGH; RODNEY LYMAN WARNER, III, in his individual and official capacity; TAYLORE DALAS LEGGETT, in his individual and official capacity; ASHLEY STEWART, in her individual and official capacity; and STEVEN HELEWSKI, in his individual and official capacity<br><br>    Defendants | **ANSWER TO AMENDED COMPLAINT OF CITY OF RALEIGH; RODNEY LYMAN WARNER, III, in his official capacity; TAYLORE DALAS LEGGETT, in his official capacity; ASHLEY STEWART, in her official capacity; and STEVEN HELEWSKI, in his official capacity** |

NOW COME the City of Raleigh; Rodney Lyman Warner, III, in his official capacity; Ashley Stewart, in her official capacity; Steven Helewski in his official capacity, and Taylore Dalas Legget, in his official capacity (hereinafter collectively, the "City"), by and through undersigned counsel, and offer the following responses to the numbered allegations of Plaintiffs' Amended Complaint:

1. The allegations set forth in paragraph 1 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations set forth in paragraph 1 are denied.

2. It is admitted that Plaintiff Kevin Hines was arrested. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2. Therefore, except as admitted herein, these allegations are denied.

1

3. It is admitted that Plaintiff Kevin Hines was arrested. Except as admitted herein, the allegations set forth in paragraph 3 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 3 are denied.

4. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4. Therefore, these allegations are denied.

5. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5. Therefore, these allegations are denied.

6. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6. Therefore, these allegations are denied.

7. It is admitted that the City is a municipal corporation organized and existing pursuant to the laws of North Carolina, and that the City is vested with corporate powers and rights pursuant to N.C. Gen. Stat. § 160A-11, including the capacity to sue and be sued. Except as admitted herein, the allegations set forth in paragraph 7 are denied.

8. It is admitted that at all times relevant herein, Sgt. Warner was employed as a police officer by the City of Raleigh. Except as admitted herein, the allegations set forth in paragraph 8 are not directed to the City and no response is required. To the extent that a response is required, the allegations set forth in paragraph 8 are denied.

9. It is admitted that at all times relevant herein, Officer Leggett was employed as a police officer by the City of Raleigh. Except as admitted herein, the allegations set forth in paragraph 9 are not directed to the City and no response is required. To the extent that a response is required, the allegations set forth in paragraph 9 are denied.

10. It is admitted that at all times relevant herein, Officer Stewart was employed as a police officer by the City of Raleigh. Except as admitted herein, the allegations set forth in paragraph 10 are not directed to the City and no response is required. To the extent that a response is required, the allegations set forth in paragraph 10 are denied.

11. It is admitted that at all times relevant herein, Officer Helewski was employed as a police officer by the City of Raleigh. Except as admitted herein, the allegations set forth in paragraph 11 are not directed to the City and no response is required. To the extent that a response is required, the allegations set forth in paragraph 11 are denied.

12. The allegations set forth in paragraph 12 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations set forth in paragraph 12 are denied.

13. The allegations set forth in paragraph 13 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations set forth in paragraph 13 are denied.

14. The allegations set forth in paragraph 14 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations set forth in paragraph 14 are denied.

15. The allegations set forth in paragraph 15 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations set forth in paragraph 15 are denied.

16. It is admitted that the City of Raleigh has purchased liability insurance providing certain coverage for certain claims in excess of one million dollars ($1,000,000.00) and with a limit of liability of ten million dollars ($10,000,000.00). For all claims under one million dollars

($1,000,000.00), the City is wholly self-insured and has not waived its immunity through the purchase of insurance. Upon information and belief, the City's insurance policy provides no indemnification for Plaintiffs' claims, and the City has not waived its immunity for Plaintiffs' claims. Except as admitted herein, the allegations set forth in paragraph 16 are denied.

17. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17. Therefore, these allegations are denied.

18. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18. Therefore, these allegations are denied.

19. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19. Therefore, these allegations are denied.

20. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20. Therefore, these allegations are denied.

21. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21. Therefore, these allegations are denied.

22. It is admitted that Raleigh police officers, including the individual defendants, responded to Enloe High School on May 16, 2013 in response to reports of a disturbance. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22. Therefore, these allegations are denied.

23. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23. Therefore, these allegations are denied.

24. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24. Therefore, these allegations are denied.

25. It is admitted that on May 16, 2013, Sergeant R. L. Warner detained and arrested an African-American male suspect at Enloe High School in connection with the aforementioned disturbance. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25. Therefore, these allegations are denied.

26. It is admitted that on May 16, 2013, Sergeant R. L. Warner detained and arrested an African-American male suspect at Enloe High School in connection with the aforementioned disturbance. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26. Therefore, these allegations are denied.

27. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27. Therefore, these allegations are denied.

28. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28. Therefore, these allegations are denied.

29. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29. Therefore, these allegations are denied.

30. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30. Therefore, these allegations are denied.

31. It is admitted that Sergeant R. L. Warner interacted with Plaintiff Kevin Hines at Enloe High School on May 16, 2013. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31. Therefore, these allegations are denied.

32. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 32. Therefore, these allegations are denied.

33. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33. Therefore, these allegations are denied.

34. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34. Therefore, these allegations are denied.

35. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35. Therefore, these allegations are denied.

36. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36. Therefore, these allegations are denied.

37. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37. Therefore, these allegations are denied.

38. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38. Therefore, these allegations are denied.

39. It is admitted that Plaintiff Kevin Hines was arrested by or under the direction of Sergeant R. L. Warner for second degree trespass, and that Officer Stewart and Officer Helewski assisted Sergeant Warner in arresting Plaintiff Kevin Hines. Except as admitted herein, the allegations set forth in paragraph 39 are denied.

40. It is admitted that Sergeant R. L. Warner outranked Officer Stewart and Officer Helewski. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40. Therefore, these allegations are denied.

6

Case 5:16-cv-00256-FL Document 41 Filed 08/30/16 Page 6 of 20

41. It is admitted that Plaintiff Kevin Hines was arrested by or under the direction of Sergeant R. L. Warner for second degree trespass, and that Officer Stewart and Officer Helewski assisted Sergeant Warner in arresting Plaintiff Kevin Hines. It is further admitted that Officer Stewart and Officer Helewski are showing in Exhibit A to the Amended Complaint. Except as admitted herein, the allegations set forth in paragraph 41 are denied.

42. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42. Therefore, these allegations are denied.

43. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43. Therefore, these allegations are denied.

44. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 44. Therefore, these allegations are denied.

45. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 45. Therefore, these allegations are denied.

46. It is admitted upon information and belief that Officer Leggett transported Plaintiff Kevin Hines to the Wake County Detention Center. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 46. Therefore, these allegations are denied.

47. It is admitted that the Magistrate's Order speaks for itself and is the best evidence of its contents. Except as admitted herein, the allegations contained in Paragraph 47 are denied.

48. It is admitted that the Magistrate's Order speaks for itself and is the best evidence of its contents. Except as admitted herein, the allegations contained in Paragraph 48 are denied.

49. It is admitted that the criminal trespassing charges against Plaintiff Kevin Hines were dismissed. Except as admitted herein, the City lacks information sufficient to form a belief

as to the truth or falsity of the allegations set forth in paragraph 49. Therefore, these allegations are denied.

50. It is admitted that Plaintiff Kevin Hines initiated an administrative complaint with the City of Raleigh Police Department against Sergeant R. L. Warner, that Exhibit B to the Amended Complaint is an accurate copy of a letter reflecting the Raleigh Police Department's disposition of Plaintiff Kevin Hines' administrative complaint, and that Exhibit B to the Amended Complaint speaks for itself. It is further admitted that the Raleigh Police Department's internal investigation was conducted solely for administrative purposes by Raleigh Police Department employees, and not by any judicial officer or court of competent jurisdiction; that the Raleigh Police Department's internal investigation was confined to matters of internal policy and operations and did not address the issues and claims set forth in Plaintiffs' Amended Complaint; and that the Raleigh Police Department's internal investigation was not conducted pursuant to the legal standards applicable to the present civil action. Therefore, it is specifically denied that any findings, opinions, or conclusions arising from the Raleigh Police Department's internal investigation may be considered conclusive as to any issues set forth in the Plaintiffs' Amended Complaint, or that any findings, opinions, or conclusions arising from the Raleigh Police Department's internal investigation constitute admissions of liability on the part of the City or any of its police officers in their individual or official capacities. Except as admitted herein, the allegations set forth in paragraph 50 are denied.

51. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 51. Therefore, these allegations are denied.

52. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 52. Therefore, these allegations are denied.

53. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53. Therefore, these allegations are denied.

54. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54. Therefore, these allegations are denied.

55. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55. Therefore, these allegations are denied.

56. The City's responses to paragraphs 1 through 55 are incorporated by reference as if fully restated herein.

57. It is admitted that at all times relevant herein, the individual officers were uniformed and employed by the City of Raleigh Police Department. To the extent that any individual defendant acted with malice proximately causing injury to Plaintiff, which is specifically denied, such malicious conduct was not within the course and scope of employment with the City of Raleigh. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57. Therefore, these allegations are denied.

58. It is admitted that City of Raleigh police officers arrested Plaintiff Kevin Hines on May 16, 2013 for second degree trespass without a warrant. Except as admitted herein, the allegations set forth in paragraph 58 are denied.

59. It is admitted that Plaintiff Kevin Hines was arrested. Except as admitted herein, the allegations set forth in paragraph 59 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 59 are denied.

60. The allegations set forth in paragraph 60 are denied.

9

61. The allegations set forth in paragraph 61 are denied.

62. The City's responses to paragraphs 1 through 62 are incorporated by reference as if fully restated herein.

63. It is admitted that City of Raleigh police officers arrested Plaintiff Kevin Hines on May 16, 2013 for second degree trespass without a warrant. Except as admitted herein, the allegations set forth in paragraph 63 are denied.

64. It is admitted that Plaintiff Kevin Hines was arrested. Except as admitted herein, the allegations set forth in paragraph 61 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 64 are denied.

65. It is admitted that Plaintiff Kevin Hines was arrested. Except as admitted herein, the allegations set forth in paragraph 65 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 65 are denied.

66. It is admitted that at all times relevant herein, the individual officers were employed by the City of Raleigh Police Department. To the extent that any individual defendant acted with malice proximately causing injury to Plaintiff, which is specifically denied, such malicious conduct was not within the course and scope of employment with the City of Raleigh. Except as admitted herein, the allegations set forth in paragraph 66 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 66 are denied.

67. The allegations set forth in paragraph 67 are denied.

68. The allegations set forth in paragraph 68 are denied.

69. The City's responses to paragraphs 1 through 68 are incorporated by reference as if fully restated herein.

70. It is admitted that City of Raleigh police officers arrested Plaintiff Kevin Hines on May 16, 2013 for second degree trespass without a warrant. Except as admitted herein, the allegations set forth in paragraph 70 are denied.

71. It is admitted that Plaintiff Kevin Hines was arrested. Except as admitted herein, the allegations set forth in paragraph 71 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 71 are denied.

72. It is admitted that Plaintiff Kevin Hines was arrested. Except as admitted herein, the allegations set forth in paragraph 72 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 72 are denied.

73. The allegations set forth in paragraph 73 are denied.

74. The City lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 74. Therefore, these allegations are denied.

75. It is admitted that at all times relevant herein, the individual officers were employed by the City of Raleigh Police Department. To the extent that any individual defendant acted with malice proximately causing injury to Plaintiff, which is specifically denied, such malicious conduct was not within the course and scope of employment with the City of Raleigh. Except as admitted herein, the allegations set forth in paragraph 75 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 75 are denied.

76. The allegations set forth in paragraph 76 are denied.

77. The allegations set forth in paragraph 77 are denied.

78. The City's responses to paragraphs 1 through 77 are incorporated by reference as if fully restated herein.

79. It is admitted that City of Raleigh police officers arrested Plaintiff Kevin Hines on May 16, 2013 for second degree trespass without a warrant. Except as admitted herein, the allegations set forth in paragraph 79 are denied.

80. It is admitted that Plaintiff Kevin Hines was arrested. Except as admitted herein, the allegations set forth in paragraph 80 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 80 are denied.

81. It is admitted that Plaintiff Kevin Hines was arrested. Except as admitted herein, the allegations set forth in paragraph 81 constitute legal conclusions to which no response is required. Therefore, except as admitted herein, the allegations set forth in paragraph 81 are denied.

82. The allegations set forth in paragraph 82 are denied.

83. The allegations set forth in paragraph 83 are denied.

84. It is admitted that at all times relevant herein, the individual officers were employed by the City of Raleigh Police Department. To the extent that any individual defendant acted with malice proximately causing injury to Plaintiff, which is specifically denied, such malicious conduct was not within the course and scope of employment with the City of Raleigh. Except as admitted herein, the allegations set forth in paragraph 84 constitute legal conclusions

to which no response is required.  Therefore, except as admitted herein, the allegations set forth in paragraph 84 are denied.

85. The allegations set forth in paragraph 85 are denied.

86. The allegations set forth in paragraph 86 are denied.

87. The City's responses to paragraphs 1 through 86 are incorporated by reference as if fully restated herein.

88. The allegations set forth in paragraph 88 are denied.

89. The allegations set forth in paragraph 89 are denied.

90. The allegations set forth in paragraph 90 are denied.

91. The allegations set forth in paragraph 91 are denied.

92. The allegations set forth in paragraph 92 are denied.

93. It is admitted that at all times relevant herein, the individual officers were employed by the City of Raleigh Police Department.  To the extent that any individual defendant acted with malice proximately causing injury to Plaintiff, which is specifically denied, such malicious conduct was not within the course and scope of employment with the City of Raleigh.  Except as admitted herein, the allegations set forth in paragraph 93 constitute legal conclusions to which no response is required.  Therefore, except as admitted herein, the allegations set forth in paragraph 93 are denied.

94. The allegations set forth in paragraph 94 are denied.

95. The allegations set forth in paragraph 95 are denied.

96. The City's responses to paragraphs 1 through 95 are incorporated by reference as if fully restated herein.

97. The allegations set forth in paragraph 97 are denied.

98. The allegations set forth in paragraph 98 are denied.

99. The allegations set forth in paragraph 99 are denied.

100. The allegations set forth in paragraph 100 are denied.

101. The allegations set forth in paragraph 101 are denied.

102. The allegations set forth in paragraph 102 are denied.

103. The allegations set forth in paragraph 103 are denied.

104. The allegations set forth in paragraph 104 are denied.

## SECOND DEFENSE

As an affirmative defense, the City is a municipal corporation which was, at all times relevant herein, performing law enforcement services, a governmental function. The City and its law enforcement officers, in their official capacities, are protected by governmental immunity in the performance of governmental functions, and this immunity has not been waived. Therefore, governmental immunity is pled in bar of any right to recovery in this action.

## THIRD DEFENSE

As a further affirmative defense, to the extent that Plaintiffs seek to recover punitive damages from the City, no statutory basis exists to support an award of punitive damages against the City arising out of Plaintiffs' claims.

## FOURTH DEFENSE

As a further affirmative defense, to the extent that the Amended Complaint contains claims against the City arising in connection with the City's performance of law enforcement functions and to the extent that Plaintiffs seek to recover punitive damages from the City of Raleigh, such claims violate the Constitution of the United States in that they seek to deprive the City of property without due process of law, violate the Constitution's provisions concerning

equal protection, and violate the Constitution's prohibition against the imposition of excessive fines.

## FIFTH DEFENSE

As a further affirmative defense, to the extent that the Amended Complaint contains claims against the City arising in connection with the City's performance of law enforcement functions and to the extent that Plaintiffs seek to recover punitive damages from the City, any such claim for punitive damages is barred or limited by Chapter 1D of the North Carolina General Statutes and by common law principles.

## SIXTH DEFENSE

As a further affirmative defense, at all times relevant herein, the individual defendant officers acted within the course and scope of their employment as sworn law enforcement officers without malice or corruption. Public Official's Immunity bars Plaintiffs' common law claims against these officers. Because Plaintiffs' common law claims against the individual defendant officers are barred by Public Official's Immunity, the City cannot be held vicariously liable for the conduct of its police officers.

## SEVENTH DEFENSE

As a further affirmative defense, because all City police officers who interacted with Plaintiffs acted reasonably and did not violate any of Plaintiffs' clearly established statutory or Constitutional rights, the Plaintiffs' claims are barred by qualified immunity. Further, because Plaintiffs' claims against the individual defendant officers are barred by qualified immunity, the City cannot be held vicariously liable for the conduct of its police officers.

### EIGHTH DEFENSE

As a further affirmative defense, to the extent that the arrest of Plaintiff Kevin Hines was unsupported by probable cause, which is expressly denied, the actions of the individual defendant officers with respect to Plaintiff Kevin Hines' detention and arrest were based upon a reasonable mistake of law or a reasonable mistake of fact, and the actions of the individual defendant officers were valid, lawful, and reasonable in light of such reasonable mistake of law or reasonable mistake of fact. The valid, lawful, and reasonable conduct of the individual defendant officers in light of a reasonable mistake of law or reasonable mistake of fact bars Plaintiffs' claims herein. Further, as Plaintiffs' claims against the individual defendant officers are thus barred, the City cannot be held vicariously liable for the conduct of its police officers.

### NINTH DEFENSE

As a further affirmative defense, to the extent that any individual defendant acted with malice proximately causing injury to Plaintiff, which is specifically denied, such malicious conduct was not within the course and scope of employment with the City of Raleigh and cannot form the basis of liability against the City. Therefore, to the extent that this Court or a jury determines that any Raleigh police officer acted maliciously or corruptly, then the City has no vicarious liability for these acts outside the course and scope of City employment.

### TENTH DEFENSE

As a further affirmative defense, to the extent that facts revealed during further investigation or formal discovery show that one or more of the Plaintiffs was contributorily negligent, and that such contributory negligence was a proximate cause of any damages claimed by the Plaintiffs, such contributory negligence is pled in bar of Plaintiffs right to recover herein.

16

## ELEVENTH DEFENSE

As a further affirmative defense, to the extent that facts revealed during further investigation or formal discovery show that probable caused existed to arrest Plaintiff Kevin Hines May 16, 2013 on grounds including, but not limited to, trespassing; resisting, delaying, or obstructing a law enforcement officer; or any other offense punishable as a misdemeanor or felony under North Carolina law, such probable cause is pled in bar of Plaintiffs right to recover herein.

## TWELVTH DEFENSE

As a further affirmative defense, the City pleads all applicable statutes of limitation in bar of any or all of Plaintiffs' claims against the City or any or all of the individual defendants in their official capacities.

## THIRTEENTH DEFENSE

As a further affirmative defense, with respect to any of Plaintiffs' claims against the City which are grounded in derivative liability, vicarious liability, or *respondeat superior*, the City incorporates by reference as if fully restated herein all defenses pled by the individual defendants; and to the extent that any of Plaintiffs' claims are defeated in whole or in part by these defenses, any vicarious liability assigned to the City is likewise extinguished.

## ADDITIONAL DEFENSES

The City reserves the right to amend its Answer and to assert additional affirmative defenses as the claims of the Plaintiffs are more fully disclosed during the course of this litigation.

JURY DEMAND

Pursuant to North Carolina General Statutes § 160A-485(d), the City of Raleigh does not request a trial by jury on issues related to insurance or governmental immunity. The City does, however, request a trial by jury on all other issues of fact so triable herein.

WHEREFORE, having responded to the allegations of Plaintiffs' Amended Complaint, the City of Raleigh respectfully requests that:

1. Plaintiffs' prayer for relief be denied in its entirety;

2. Plaintiffs have and recover nothing of the City of Raleigh;

3. The costs of this action, including reasonable attorney's fees, be taxed against the Plaintiffs; and

4. For such other and further relief as this Court deems just and proper.

This the 30th day of August, 2016.

        **CITY OF RALEIGH**
        **Thomas A. McCormick**
        **City Attorney**

By:   /s/ Hunt K. Choi
       HUNT K. CHOI
       Deputy City Attorney
       NC State Bar No. 24172
       Post Office Box 590
       Raleigh, North Carolina 27602
       Telephone: (919) 996-6560
       Facsimile: (919) 857-4453
       Email: hunt.choi@raleighnc.gov
       COUNSEL FOR CITY OF RALEIGH

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Kearns Davis, Esq.<br>Kimberly M. Marston, Esq.<br>Brooks, Pierce, McLendon, Humphrey & Leonard, LLP<br>Counsel for Plaintiffs<br>P.O. Box 26000<br>Greensboro, NC 27420<br>kdavis@brookspierce.com<br>kmarston@brookspierce.com<br>Facsimile: 336-378-1001 | Dan Hartzog, Esq.<br>Cranfill, Sumner & Hartzog, LLP<br>Counsel for Rodney L. Warner, III<br>5420 Wade Park Boulevard, #300<br>Raleigh, NC 27607<br>dhartzog@cshlaw.com<br>Facsimile: 919-863-3425 |
| Cathleen M. Plaut, Esq<br>Hedrick, Gardner, Kincheloe & Garofalo, LLP<br>Counsel for Taylore Dallas Leggett<br>4131 Parklake Avenue, Suite 300<br>Raleigh, NC 27612<br>cplaut@hedrickgardner.com<br>Facsimile: 919-832-9425 | Rodney E. Pettey, Esq.<br>Yates, McLamb & Weyher, LLP<br>Counsel for Anna Joy Taylor<br>PO Box 2889<br>Raleigh, N.C. 27602-2889<br>rpettey@ymwlaw.com<br>Facsimile: 919-582-2519 |
| John T. Crook, Esq.<br>Bailey & Dixon, LLP<br>Counsel for Steven Helewski<br>434 Fayetteville Street, Suite 2500<br>Raleigh, NC 27601<br>jcrook@bdixon.com<br>Facsimile: 919-828-6592 | |

And I hereby certify that I have mailed the document to the following non CM/ECF participants:

Respectfully submitted,

        **CITY OF RALEIGH**
        **Thomas A. McCormick**
        **City Attorney**

        By:    /s/ Hunt K. Choi
                 HUNT K. CHOI
                 Deputy City Attorney
                 NC State Bar No. 24172
                 Post Office Box 590
                 Raleigh, North Carolina 27602
                 Telephone: (919) 996-6560
                 Facsimile: (919) 857-4453
                 Email: hunt.choi@raleighnc.gov
                 COUNSEL FOR CITY OF RALEIGH