IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case Number: 5:16-CV-256-F

| | |
|---|---|
| KEVIN A. HINES, PAIGE HINES, and PARKER HINES, ) ) ) Plaintiffs, ) ) v. ) ) CITY OF RALEIGH; RODNEY LYMAN WARNER, III, in his individual and official capacity; TAYLORE DALAS LEGGETT, in his individual and official capacity; ASHLEY STEWART, in her individual and official capacity; STEVEN HELEWSKI, in his individual and official capacity, ) ) ) ) ) ) ) ) ) ) ) ) ) Defendant. ) | ANSWER OF DEFENDANT STEVEN HELEWSKI |

NOW COMES Defendant Steven Helewski (hereinafter "Helewski"), in his individual capacity only, responding and answering of Plaintiffs' Amended Complaint as follows:

ANSWER

In response to the specific allegations of the Amended Complaint, and without waiving any defenses or immunities, Defendant Helewski responds to Plaintiffs' Amended Complaint as follows:

1. The allegations of Paragraph 1 of the Amended Complaint are denied as to Defendant Helewski. Except as specifically admitted or addressed herein, Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 1 of the Amended Complaint; therefore, these allegations are denied.

2. The allegations of Paragraph 2 of the Amended Complaint are denied.

3. The allegations of Paragraph 3 of the Amended Complaint are denied as to Defendant Helewski.  Except as specifically admitted or addressed herein, Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 3 of the Amended Complaint; therefore, these allegations are denied.

4. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 4 of the Amended Complaint; therefore, these allegations are denied.

5. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 5 of the Amended Complaint; therefore, these allegations are denied.

6. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 6 of the Amended Complaint; therefore, these allegations are denied.

7. The allegations of Paragraph 7 of the Amended Complaint are not directed towards Defendant Helewski, therefore, no response is required.

8. The allegations of Paragraph 8 of the Amended Complaint are not directed towards Defendant Helewski, therefore, no response is required.

9. The allegations of Paragraph 9 of the Amended Complaint are not directed towards Defendant Helewski, therefore, no response is required.

10. The allegations of Paragraph 10 of the Amended Complaint are not directed towards Defendant Helewski, therefore, no response is required.

11. Defendant Helewski admits that he is a resident of Johnston County, North Carolina and that at all times relevant was employed and acting in his official capacity as a City

of Raleigh Police Department Officer.  Except as specifically admitted, the allegations of Paragraph 11 of the Amended Complaint are denied.

12. The allegations of Paragraph 12 of the Amended Complaint state legal conclusions to which no response is required.  In the event a response is necessary, these allegations are denied.

13. The allegations of Paragraph 13 of the Amended Complaint state legal conclusions to which no response is required.  In the event a response is necessary, these allegations are denied.

14. The allegations of Paragraph 14 of the Amended Complaint state legal conclusions to which no response is required.  In the event a response is necessary, these allegations are denied.

15. The allegations of Paragraph 15 of the Amended Complaint state legal conclusions to which no response is required.  In the event a response is necessary, these allegations are denied.

16. The allegations of Paragraph 16 of the Amended Complaint are not directed towards Defendant Helewski, therefore, no response is required.

17. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 17 of the Amended Complaint; therefore, these allegations are denied.

18. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 18 of the Amended Complaint; therefore, these allegations are denied.

19. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 19 of the Amended Complaint; therefore, these allegations are denied.

20. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 20 of the Amended Complaint; therefore, these allegations are denied.

21. In response to the allegations of Paragraph 21 of the Amended Complaint, it is admitted that Defendant Helewski was briefed that May 16, 2013 was going to be "Senior Prank Day" and that it was rumored there would be a balloon fight at Enloe High School where the balloons would be filled with urine and/or bleach. Except as specifically admitted or addressed herein, Defendant Helewski lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 21 of the Amended Complaint; therefore, these allegations are denied.

22. In response to the allegations of Paragraph 22 of the Amended Complaint, it is admitted that officers assigned to the Raleigh Police Department Community Squad, including Defendant Helewski, were present at Enloe High School on May 16, 2013, to assist the school resource officer with crowd control. Except as specifically admitted or addressed herein, Defendant Helewski lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 22 of the Amended Complaint; therefore, these allegations are denied.

23. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 23 of the Amended Complaint; therefore, these allegations are denied.

24. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 24 of the Amended Complaint; therefore, these allegations are denied.

25. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 25 of the Amended Complaint; therefore, these allegations are denied.

26. The allegations of Paragraph 26 of the Amended Complaint are denied.

27. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 27 of the Amended Complaint; therefore, these allegations are denied.

28. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 28 of the Amended Complaint; therefore, these allegations are denied.

29. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 29 of the Amended Complaint; therefore, these allegations are denied.

30. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 30 of the Amended Complaint; therefore, these allegations are denied.

31. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 31 of the Amended Complaint; therefore, these allegations are denied.

32. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 32 of the Amended Complaint; therefore, these allegations are denied.

33. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 33 of the Amended Complaint; therefore, these allegations are denied.

34. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 34 of the Amended Complaint; therefore, these allegations are denied.

35. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 35 of the Amended Complaint; therefore, these allegations are denied.

36. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 36 of the Amended Complaint; therefore, these allegations are denied.

37. In response to the allegations of Paragraph 37, it is admitted, upon information and belief, that Defendant Warner requested that another officer meet him at the entrance of the school. Except as specifically admitted, Defendant Helewski lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 37 of the Amended Complaint; therefore, these allegations are denied.

38. In response to the allegations of Paragraph 38 of the Amended Complaint, it is admitted that Defendant Warner was a supervising officer at Enloe High School on May 16, 2013. Except as specifically admitted, Defendant Helewski lacks sufficient information or

knowledge to admit or deny the remaining allegations of Paragraph 38 of the Amended Complaint; therefore, these allegations are denied.

39. In response to the allegations of Paragraph 39 of the Amended Complaint, it is admitted that Plaintiff Kevin Hines was arrested by or under the direction of Defendant Warner for Second Degree Trespass, and that Defendant Helewski and Defendant Stewart assisted Defendant Warner in arresting Plaintiff Kevin Hines. Except as specifically admitted or addressed herein, the allegations of Paragraph 39 of the Amended Complaint are denied.

40. In response to the allegations of Paragraph 40 of the Amended Complaint, it is admitted that based upon rank, Defendant Warner would have been a supervisor to Defendant Helewski on May 16, 2013, at Enloe High School. It is also admitted that Defendant Helewski heard over radio Defendant Warner's request that another officer meet him at the entrance of the school. Except as specifically admitted or addressed herein, the allegations of Paragraph 40 of the Amended Complaint are denied.

41. In response to the allegations of Paragraph 41, it is admitted Defendant Helewski handcuffed Plaintiff Kevin Hines. It is also admitted that Plaintiff Kevin Hines was arrested for Second Degree Trespass. It is finally admitted that Defendant Helewski is depicted in Exhibit A to Plaintiffs' Amended Complaint placing handcuffs on Plaintiff Kevin Hines. Except as specifically admitted, the allegations of Paragraph 41 of the Amended Complaint are denied.

42. In response to the allegations of Paragraph 42 of the Amended Complaint, it is admitted Defendant Warner instructed Defendant Helewski to use his taser on Plaintiff Kevin Hines. Except as specifically admitted or addressed herein, the allegations of Paragraph 42 of the Amended Complaint are denied.

43. In response to the allegations of Paragraph 43 of the Amended Complaint, it is admitted that Defendant Helewski did not use his taser on Plaintiff Kevin Hines. Defendant Helewski lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 43 of the Amended Complaint; therefore, these allegations are denied.

44. In response to the allegations of Paragraph 44 of the Amended Complaint, it is admitted that Defendant Helewski, along with Defendant Stewart, placed Plaintiff Kevin Hines into a Raleigh police car. It is also admitted that Plaintiff Kevin Hines was then removed and placed into a police car operated by Defendant Leggett. Defendant Helewski lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 44 of the Amended Complaint; therefore, these allegations are denied.

45. In response to the allegations of Paragraph 45 of the Amended Complaint, it is admitted that Plaintiff Kevin Hines was then removed and placed into a police car operated by Defendant Leggett. Defendant Helewski lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 45 of the Amended Complaint; therefore, these allegations are denied.

46. In response to the allegations of Paragraph 46 of the Amended Complaint, it is admitted that Plaintiff Kevin Hines was taken to jail by Defendant Leggett. Except as specifically admitted or addressed herein, the allegations of Paragraph 46 of the Amended Complaint are denied.

47. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 47 of the Amended Complaint; therefore, these allegations are denied.

48. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 48 of the Amended Complaint; therefore, these allegations are denied.

49. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 49 of the Amended Complaint; therefore, these allegations are denied.

50. In response to the allegations of Paragraph 50 of the Amended Complaint, it is admitted that Exhibit B to the Amended Complaint is a paper writing that speaks for itself. Defendant Helewski lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 50 of the Amended Complaint; therefore, these allegations are denied.

51. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 51 of the Amended Complaint; therefore, these allegations are denied.

52. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 52 of the Amended Complaint; therefore, these allegations are denied.

53. Defendant Helewski lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 53 of the Amended Complaint; therefore, these allegations are denied.

54. The allegations of Paragraph 54 of the Amended Complaint are denied with respect to Defendant Helewski. Defendant Helewski lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 54 of the Amended Complaint; therefore, these allegations are denied.

55. The allegations of Paragraph 55 of the Amended Complaint are denied with respect to Defendant Helewski. Defendant Helewski lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 55 of the Amended Complaint; therefore, these allegations are denied.

56. In response to Paragraph 56 of the Amended Complaint Defendant Helewski incorporates herein by reference its responses to Paragraphs 1 through 55.

57. In response to the allegations of Paragraph 57 of the Amended Complaint, it is admitted that at all times relevant Defendant Helewski was uniformed, acting within the course and scope of his employment with the City of Raleigh Police Department and acting under color of state law. Except as specifically admitted herein, the allegations of Paragraph 57 of the Amended Complaint are denied.

58. In response to the allegations of Paragraph 58 of the Amended Complaint, it is admitted that Plaintiff Kevin Hines was arrested on May 16, 2013, for trespassing without a warrant. Except as specifically admitted or addressed herein, the allegations of Paragraph 58 of the Amended Complaint are denied.

59. The allegations of Paragraph 59 of the Amended Complaint are denied.

60. The allegations of Paragraph 60 of the Amended Complaint are denied.

61. The allegations of Paragraph 61 of the Amended Complaint are denied.

62. In response to Paragraph 62 of the Amended Complaint Defendant Helewski incorporates herein by reference its responses to Paragraphs 1 through 61.

63. In response to the allegations of Paragraph 63 of the Amended Complaint, it is admitted that Plaintiff Kevin Hines was arrested on May 16, 2013, for trespassing without a

warrant. Except as specifically admitted or addressed herein, the allegations of Paragraph 63 of the Amended Complaint are denied.

64. The allegations of Paragraph 64 of the Amended Complaint are denied.

65. The allegations of Paragraph 65 of the Amended Complaint are denied.

66. In response to the allegations of Paragraph 66 of the Amended Complaint, it is admitted that at all times relevant Defendant Helewski was uniformed, acting within the course and scope of his employment with the City of Raleigh Police Department and acting under color of state law. Except as specifically admitted herein, the allegations of Paragraph 66 of the Amended Complaint are denied.

67. The allegations of Paragraph 67 of the Amended Complaint are denied.

68. The allegations of Paragraph 68 of the Amended Complaint are denied.

69. In response to Paragraph 69 of the Amended Complaint Defendant Helewski incorporates herein by reference its responses to Paragraphs 1 through 68.

70. In response to the allegations of Paragraph 70 of the Amended Complaint, it is admitted that Plaintiff Kevin Hines was arrested on May 16, 2013, for trespassing without a warrant. Except as specifically admitted or addressed herein, the allegations of Paragraph 70 of the Amended Complaint are denied.

71. The allegations of Paragraph 71 of the Amended Complaint are denied.

72. The allegations of Paragraph 72 of the Amended Complaint are denied.

73. The allegations of Paragraph 73 of the Amended Complaint are denied.

74. The allegations of Paragraph 74 of the Amended Complaint are denied.

75. In response to the allegations of Paragraph 75 of the Amended Complaint, it is admitted that at all times relevant Defendant Helewski was uniformed, acting within the course

and scope of his employment with the City of Raleigh Police Department and acting under color of state law. Except as specifically admitted herein, the allegations of Paragraph 75 of the Amended Complaint are denied.

76. The allegations of Paragraph 76 of the Amended Complaint are denied.

77. The allegations of Paragraph 77 of the Amended Complaint are denied.

78. In response to Paragraph 78 of the Amended Complaint Defendant Helewski incorporates herein by reference its responses to Paragraphs 1 through 77.

79. In response to the allegations of Paragraph 79 of the Amended Complaint, it is admitted that Plaintiff Kevin Hines was arrested on May 16, 2013, for trespassing without a warrant. Except as specifically admitted or addressed herein, the allegations of Paragraph 79 of the Amended Complaint are denied.

80. The allegations of Paragraph 80 of the Amended Complaint are denied.

81. The allegations of Paragraph 81 of the Amended Complaint are denied.

82. The allegations of Paragraph 82 of the Amended Complaint are denied.

83. The allegations of Paragraph 83 of the Amended Complaint are denied.

84. In response to the allegations of Paragraph 84 of the Amended Complaint, it is admitted that at all times relevant Defendant Helewski was uniformed, acting within the course and scope of his employment with the City of Raleigh Police Department and acting under color of state law. Except as specifically admitted herein, the allegations of Paragraph 84 of the Amended Complaint are denied.

85. The allegations of Paragraph 85 of the Amended Complaint are denied.

86. The allegations of Paragraph 86 of the Amended Complaint are denied.

87. In response to Paragraph 87 of the Amended Complaint Defendant Helewski incorporates herein by reference its responses to Paragraphs 1 through 86.

88. The allegations of Paragraph 88 of the Amended Complaint are denied.

89. The allegations of Paragraph 89 of the Amended Complaint are denied.

90. The allegations of Paragraph 90 of the Amended Complaint are denied.

91. The allegations of Paragraph 91 of the Amended Complaint are denied.

92. The allegations of Paragraph 92 of the Amended Complaint are denied.

93. In response to the allegations of Paragraph 93 of the Amended Complaint, it is admitted that at all times relevant Defendant Helewski was uniformed, acting within the course and scope of his employment with the City of Raleigh Police Department and acting under color of state law. Except as specifically admitted herein, the allegations of Paragraph 93 of the Amended Complaint are denied.

94. The allegations of Paragraph 94 of the Amended Complaint are denied.

95. The allegations of Paragraph 95 of the Amended Complaint are denied.

96. In response to Paragraph 96 of the Amended Complaint Defendant Helewski incorporates herein by reference its responses to Paragraphs 1 through 95.

97. The allegations of Paragraph 97 of the Amended Complaint state legal conclusions to which no response is required.

98. The allegations of Paragraph 98 of the Amended Complaint are denied.

99. The allegations of Paragraph 99 of the Amended Complaint are denied.

100. The allegations of Paragraph 100 of the Amended Complaint are denied.

101. The allegations of Paragraph 101 of the Amended Complaint are denied.

102. The allegations of Paragraph 102 of the Amended Complaint are denied.

103. The allegations of Paragraph 103 of the Amended Complaint are denied.

104. The allegations of Paragraph 104 of the Amended Complaint are denied.

105. All allegations of the Amended Complaint not specifically admitted are denied.

FIRST AFFIRMATIVE DEFENSE

In response to Plaintiffs' Amended Complaint, Defendant Helewski pleads sovereign and governmental immunity in defense to all claims asserted therein.

SECOND AFFIRMATIVE DEFENSE

Defendant Helewski pleads all applicable statutes of limitation in bar to Plaintiffs' claims against him.

THIRD AFFIRMATIVE DEFENSE

Defendant Helewski pleads qualified immunity as a defense to all applicable claims, including those brought against him in his individual capacity, on the grounds that at all relevant times alleged in the Amended Complaint, Defendant Helewski acted in good faith, without malice, and with the reasonable belief that his actions were lawful and in accordance with all of Plaintiffs' constitutional rights, and, therefore, did not violate any clearly established right of any Plaintiff.

FOURTH AFFIRMATIVE DEFENSE

Defendant Helewski pleads public official/public officer immunity as a complete defense to all applicable claims and allegations contained in Plaintiffs' Amended Complaint.

FIFTH AFFIRMATIVE DEFENSE

Defendant Helewski pleads all other applicable immunities to which he is entitled by operation of law in bar to Plaintiffs' claims.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Helewski states that at all times relevant, he acted under with reasonable suspicion and probable cause to assist with the detention and arrest of Plaintiff Kevin Hines, all of which is pled as a bar to Plaintiffs' claims against him.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent any Plaintiff is asserting a claim of negligence against Defendant Helewski, which such negligence is denied, then Defendant Helewski alleges that Plaintiff Kevin Hines was also negligence in that he acted in a manner such as to constitute a disturbance, failed to cooperate and follow the instructions of police officers, and was otherwise engaged in dispruptive behavior, and, therefore, Defendant Helewski pleads the contributory negligence of Plaintiff Kevin Hines as a bar to his claims.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Helewski states that at all times relevant his actions concerning all of the Plaintiffs were valid, lawful, reasonable, and supported by probable cause, and, therefore, this Defendant did not deprive any Plaintiff of any of their rights protected under the United States Constitution, or federal statutory or common law.

## NINTH AFFIRMATIVE DEFENSE

In response to the allegations of Plaintiffs' Amended Complaint, Defendant Helewski asserts that at all times relevant, he acted in compliance with G.S. § 15A-401, which is pled as a bar to Plaintiffs' claims against him.

## TENTH AFFIRMATIVE DEFENSE

In response to the allegations of Plaintiffs' Amended Complaint, Defendant Helewski asserts that at all times relevant, he acted in compliance with G.S. § 15A-231, which is pled as a bar to Plaintiffs' claims against him.

### ELEVENTH AFFIRMATIVE DEFENSE

In response to the allegations of Plaintiffs' Amended Complaint, Defendant Helewski asserts that at all times relevant, he acted in compliance with G.S. § 14-132, which is pled as a bar to Plaintiffs' claims against him.

### TWELFTH AFFIRMATIVE DEFENSE

In response to the allegations of Plaintiffs' Amended Complaint, Defendant Helewski pleads legal justification as a bar to Plaintiffs' claims against him.

### THIRTEENTH AFFIRMATIVE DEFENSE

In response to the allegations of Plaintiffs' Amended Complaint, Defendant Helewski states that he complied in good faith with all applicable laws and regulations, and his compliance is pled as a bar to Plaintiffs' claims against him.

### FOURTEENTH AFFIRMATIVE DEFENSE

In response to the allegations of Plaintiffs' Amended Complaint, Defendant Helewski pleads the public duty doctrine as a bar to Plaintiffs' claims against him.

### FIFTEENTH AFFIRMATIVE DEFENSE

In response to the allegations of Plaintiffs' Amended Complaint, Defendant Helewski raises all defenses, rights, remedies, immunities, and limits set forth in G.S. § 1D by means of a bar or limitation as to Plaintiffs' punitive damages claim.

### RESERVATION AND NON-WAIVER

Defendant Helewski expressly reserves the right to amend his Answer to assert additional affirmative defenses which may be adduced through further discovery, further investigations, or at trial.

WHEREFORE, Defendant Helewski respectfully prays the Court that:

1. Plaintiffs' case be dismissed in its entirety;

2. Plaintiffs have and recover nothing of Defendant Helewski;

3. Defendant Helewski have a trial by jury on all claims so triable;

4. The cost of this action be taxed against some party other than Defendant Helewski;

5. Plaintiffs have and recover nothing from Defendant Helewski with respect to the claim for punitive damages, and that Plaintiffs' claims for punitive damages against Defendant Helewski be dismissed;

6. Defendant Helewski have such other and further relief as the Court may deem just and proper.

This the 27th day of September, 2016.

>BAILEY & DIXON, LLP
>
>By: /s/ John T. Crook
>   John T. Crook (jcroook@bdixon.com)
>   N.C. State Bar No.: 35232
>Attorneys for Defendant Steven Helewski
>Post Office Box 1351
>Raleigh, North Carolina 27602
>Telephone: (919) 828-0731
>Facsimile: (919) 828-6592
>Email: jcrook@bdixon.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Kearns Davis<br>Kimberly M. Marston<br>Brooks, Pierce, McLendon, Humphrey & Leonard, LLP<br>P.O. Box 26000<br>Greensboro, NC 27420<br>E-mail: kdavis@brookspierce.com<br>kmarston@brookspierce.com<br>*Attorneys for Plaintiffs* | Hunt K. Choi, Deputy City Attorney<br>Raleigh City Attorney's Office<br>P.O. Box 590<br>Raleigh, NC 27602<br>E-mail: hunt.choi@ci.raleigh.nc.us<br>*Attorneys for Defendant City of Raleigh* |
| Dan M. Hartzog<br>Katelyn W. McCombs<br>Dan M. Hartzog, Jr.<br>Cranfill Sumner & Hartzog, LLP<br>P.O. Box 27808<br>Raleigh, NC 27611-7808<br>E-mail: dmh@cshlaw.com<br>kmccombs@cshlaw.com<br>dhartzogjr@cshlaw.com<br>*Attorneys for Defendant Rodney Lyman Warner, III* | Cathleen M. Plaut<br>Hedrick Gardner Kincheloe & Garofalo, LLP<br>4131 Parklake Ave., Suite 300<br>Raleigh, NC 27612<br>E-mail: kshields@ncdoj.gov<br>*Attorneys for Defendant Taylore Dalas Leggett* |
| Rodney E. Pettey<br>Justin M. Osborn<br>Yates, McLamb & Weyher, LLP<br>Post Office Box 2889<br>Raleigh, NC 27602<br>E-mail: rpettey@ymwlaw.com<br>josborn@ymwlaw.com<br>*Attorneys for Defendant Ashley Stewart* | |

This the 27th day of September, 2016.

        BAILEY & DIXON, LLP

        By: /s/ John T. Crook
         John T. Crook (jcrook@bdixon.com)
         N.C. State Bar No.: 35232
        Attorneys for Defendant Steven Helewski
        Post Office Box 1351
        Raleigh, North Carolina 27602
        Telephone: (919) 828-0731
        Facsimile: (919) 828-6592
        Email: jcrook@bdixon.com